THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. O'HARE, Relator, *v.* JOHN F. GILCHRIST and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, November 13, 1924.

**Brokers — real estate brokers — certiorari to review action of State Tax Commission in sustaining charges against relator and in denying renewal of license under Real Property Law, article 12-A (Laws of 1922, chap. 672) — relator sold his business under contract containing restrictive covenant — relator continued business in violation of agreement — purchasers petitioned State Tax Commission to revoke relator's license — hearing was had after license expired — Appellate Division will not determine whether case for revocation was made out — Appellate Division will not interfere with determination of State Tax Commission refusing to renew license.**

In certiorari proceedings to review the action of the State Tax Commission in sustaining charges against the relator, a real estate broker, and in denying his application for a renewal of his license to do business as a real estate broker, made under article 12-A of the Real Property Law (Laws of 1922, chap. 672), the Appellate Division will not determine whether the purchasers of the relator's business, which was sold under an agreement containing a restrictive covenant, made out a case for the revocation of relator's license on the ground that he violated his agreement not to enter into competing business, since it appears that at the time of the hearing on the petition the relator's license to act as a real estate broker had expired.

It was well within the discretion of the State Tax Commission to deny to the relator a renewal of his license as a real estate broker on the ground that he had violated his agreement with the purchasers of his business, for article 12-A of the Real Property Law provides that the State Tax Commission may issue the renewal " if satisfied of the competency and trustworthiness of the applicant."

The Appellate Division will not interfere with the determination of the State Tax Commission, made in the exercise of its discretion, in refusing to renew the license of the relator.

CERTIORARI issued out of the Supreme·Court (after taking effect of the Civil Practice Act)* and attested on the 19th day of April, 1924, directed to John F. Gilchrist and others, as and constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in sustaining charges against the relator and denying his application for a renewal of his license to do business as a real estate broker.

*Cornelius Hannan,* for the relator.

*Carl Sherman, Attorney-General [Jules M. Crane, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The relator was a real estate broker who practiced his trade in the city of Troy, N. Y.   In September, 1919, he sold his business together with his office fixtures and furniture to James F. Johnson and Clyde W. Heer.   The purchasers have ever since conducted a real estate brokerage in the city of Troy under the name of Johnson & Heer.   The agreement of sale was in writing, and by one of its terms the relator obligated himself not to conduct a real estate business in Troy so long as Johnson & Heer should continue in the business.   Notwithstanding this term of the agreement the relator continued to act as a real estate broker and to conduct business under his individual name in the same city as formerly.   In May, 1923, Johnson & Heer made a petition which they filed with the State Tax Commission.   The petition set forth the fact that there had been issued to the relator by the State Tax Commission, on or about the 19th day of December, 1922, a license to act as a real estate broker in the city of Troy.   It further set forth the terms of sale by which the relator had disposed of his business to the petitioners, and the fact that the relator had continued to act as a real estate broker.   It prayed the State Tax Commission to revoke the license theretofore issued to the relator.   Article 12-A of the Real Property Law, newly added by chapter 672 of the Laws of 1922, forbade any person from acting as a real estate broker without having first procured a license therefor from the State Tax Commission.   It further provided that the license issued should constitute authority to act as a real estate broker no longer than the thirtieth day of September following the date of the issuing of the license.   It provided further for annual renewals of the license upon payment of the annual fees.   It contained the following:

---

* See  Civ. Prac. Act, § 1283, as amd. by Laws of 1922, chap. 355; Real Prop. Law, § 441-e, as added by Laws of 1922, chap. 672.— [REP.

" In case of application for renewal of license, the Commission may dispense with the requirement of such statements as it deems unnecessary in view of those contained in the original application for license." The article also provided as follows: " The State Tax Commission, if satisfied of the competency and trustworthiness of the applicant, shall issue to him or it a license in such form as the Commission shall prescribe." On the 12th day of November, 1923, a hearing was held by the State Tax Commission upon the petition of Johnson & Heer, at which the relator and the petitioners were present. Testimony was given on both sides of the controversy. However, at this time the relator's license to act as a real estate broker, issued on December 19, 1922, had expired. The question, therefore, of the propriety of revoking the relator's license, the relief demanded by the petitioners, could not have constituted an issue. It appears from the order subsequently made by the State Tax Commission, as well as from the petition of the relator in this proceeding, that the relator had previously applied for a renewal of his license. Thus the order made by the Commission on March 10, 1924, provided as follows: " Ordered that the charges against John J. O'Hare be sustained and that his application for a renewal of his license to do business as a real estate broker be denied." The relator in his petition prayed for an order reviewing the action of the Commission and requiring the Commission " to grant the application of your petitioner for a renewal of his license." Thus the real controversy concerned the renewal of the relator's license rather than the revocation of his original license. We need not inquire, therefore, whether Johnson & Heer made out a case for revocation within the provisions of the article relating thereto. The State Tax Commission was authorized to issue the renewal " if satisfied of the competency and trustworthiness of the applicant." It having appeared to the Commission that the relator had for a valuable consideration agreed not to practice his trade in the city of Troy, and that he had violated that agreement, it was well within the discretion of the Commission to deny to the relator a renewal of a license which would equip the relator with the means of doing that very thing which he had solemnly promised not to do.

The determination of the State Tax Commission should be affirmed, with costs.

Determination unanimously confirmed, with fifty dollars costs and disbursements.